FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 MAY -8 PM 3: 57

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| MICHELLE D. GRANGER, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV-01-H-2532-S |
| BEVERLY REHABILITATION, INC., n/k/a AEGIS THERAPIES, INC., | ) ) | |
| DEFENDANT. | ) | |

ENTERED

MAY - 8 2003

## MEMORANDUM OF DECISION

The court has before it the March 28, 2003 motion of defendant Beverly Rehabilitation, Inc., n/k/a Aegis Therapies, Inc. ("Beverly") for summary judgment. Pursuant to the court's April 1, 2003 order and April 22, 2003 extension, the motion was deemed submitted, without oral argument, on May 6, 2003.

### I. Procedural History

Plaintiff Michelle D. Granger commenced this action on October 9, 2001 by filing a complaint in this court alleging violations of Title VII and 42 U.S.C. § 1981.[1] Defendant's motion for summary judgment asserts that there are no genuine issues of material fact regarding plaintiff's claim and that defendant is entitled to judgment as a matter of law. In support

---

[1] Also pending before the court is defendant's motion for time to file a reply brief. (See Doc. # 38.) Because the plaintiff did not file a response to defendant's motion for summary judgment or its brief, this motion is **MOOT**.

39

of its motion defendant submitted extensive evidence (Doc. # 32)[2] and a comprehensive brief (Doc. # 33). Plaintiff has failed to submit any evidence and any brief in opposition to the motion.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000) The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the

---

[2] Defendant submitted the following: affidavit of Judi Pritchard; deposition of Judi Pritchard; deposition of Christy Bougher; affidavit of Sherita Lumpkin; deposition of Michelle Granger; Problem Resolution Policy; affidavit of Christy Bougher; 1995 Offer of Employment Letter to Michelle Granger; 1998 Offer of Employment Letter to Michelle Granger; 1998 Offer of Employment Letter to Cynthia Jones; 1998 Offer of Employment Letter to Donna Crowson; Michelle Granger's Request to Decrease Hours; Beverly's Travel Policy; Michelle Granger's Problem Resolution Form; Michelle Granger's Note Regarding Problem Resolution; Michelle Granger's Statement in Support of her Charge of Discrimination; Beverly's Monthly Management Reports; and 1995 Offer of Employment Letter to Cindy Jones.

nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Chapman, 229 F.3d at 1023; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Chapman, 229 F.3d at 1023; Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Chapman, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a

directed verdict if not controverted at trial. <u>Fitzpatrick</u>, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record

evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

The court adopts herein the full statement of undisputed facts set forth in pages 2 through 10 of defendant's brief. There is simply no evidence before the court which could cause the court to question any of such facts.

### IV. Applicable Substantive Law and Analysis

Plaintiff has stated a claim under 42 U.S.C. § 1981 and 2000e for disparate treatment race discrimination associated with her job assignments and failure to obtain a promotion. Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a) (1994).[3]  The court is aware that the summary judgment rule applies in job discrimination cases just as in other cases.  See Chapman, 229 F.3d at 1025 (rejecting an earlier, contrary general rule and emphasizing that no thumb is to be placed on either side of the scale).

The analysis of the plaintiff's claims will be determined not only by the nature of the allegations but also by the quality of the evidence offered in support of those claims.  See Standard, 161 F.3d at 1330 (noting that "[t]he analytical framework and burden of production var[y] depending on the method of proof chosen").  In general, a plaintiff may attempt to establish a claim of illegal employment discrimination through the use of direct evidence, circumstantial (indirect) evidence, or statistics.  See id.; see also Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir. 1999) (recognizing the availability of either direct or circumstantial evidence).  A plaintiff's ability to proceed through the use of circumstantial evidence of discrimination is necessarily important because direct proof of discrimination is uncommon.  See Combs v. Plantation Patterns, 106 F.3d 1519, 1537 (11th Cir. 1997); Grigsby v. Reynolds Metals Co., 821 F.2d 590, 595 (11th Cir. 1987).  Direct evidence is

---

[3] The same framework long used to analyze claims under Title VII is also employed in assessing claims of employment discrimination under § 1981.  See Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

"[s]uch evidence [which], if believed, proves the existence of a fact in issue without inference or presumption." Burns v. Gadsden State Community College, 908 F.2d 1512 (11th Cir. 1990). Cf. Wright v. Southland Corp., 187 F.3d 1287, 1293-94 (11th Cir. 1999) (per Tjoflat, J.) (defining direct evidence as "evidence from which a reasonable trier of fact could find, more probably than not, a causal link between an adverse employment action and a protected personal characteristic" and finding the outcomes reflected in prior case law consistent with that definition); see also Bass v. Board of County Commissioners, Orange County, Florida, 242 F.3d 996, 1010 (11th Cir. 2001) (discussing meaning of "direct evidence" in the context of a Title VII race discrimination claim; "direct evidence" refers to a type of evidence which, if true, would require no inferential leap in order for a court to find discrimination.").

"In evaluating [discrimination] claims supported by circumstantial evidence, [the courts of this circuit] use the now-familiar framework established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)." Combs, 106 F.3d at 1527. Under the McDonnell Douglas and Burdine framework, the plaintiff first has the burden of establishing a prima facie case of discrimination,

which creates a rebuttable presumption that the employer acted illegally. See id. at 1527-28. In general, a plaintiff establishes a prima facie case of disparate treatment employment discrimination by showing that he or she was a qualified member of a protected class and was subjected to an adverse employment action but that otherwise similarly situated employees outside the plaintiff's class were treated dissimilarly.[4] See McDonnell Douglas, 411 U.S. at 802 (hiring); Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (discipline); see also Nix, 738 F.2d at 1185 (discipline); Pittman v. Hattiesburg Mun. Separate Sch. Dist., 644 F.2d 1071, 1074 (5th Cir. 1981) (wages).

Here, plaintiff has presented no evidence whatsoever in support of either of her claims. Thus under McDonnell Douglas Corp. and Burdine, plaintiff has failed to discharge her initial burden of establishing a prima facie case of discrimination. Therefore defendant's motion for summary judgment is due to be granted.

Had plaintiff shown a prima facie case, thereby raising the presumption of discrimination, the burden of production would have shifted to the defendant to proffer a legitimate and

---

[4] See also McDonnell Douglas, 411 U.S. at 802 n.13 ("The facts necessary will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not applicable in every respect in different factual situations.").

nondiscriminatory reason for the challenged actions.[5]  See Combs, 106 F.3d at 1528.  While the evidence required to be produced must raise a genuine issue of fact as to whether the employer discriminated against the plaintiff, the employer's burden is so light as to be virtually weightless, meaning that the employer need merely put forth a legitimate reason for its actions and need not convince the court that the reason offered was the true, motivating force.  See Tipton v. Canadian Imperial Bank of Commerce, 872 F.2d 1491, 1495 (11th Cir. 1989).  Here Beverly has satisfied that burden by articulating a nondiscriminatory reason.  Thus had the presumption of discrimination arisen, it would have fallen and the burden of production again shifted to the plaintiff to offer evidence sufficient for a reasonable jury to conclude that the employer's supposedly legitimate reason is merely pretext for illegal discrimination.[6]  Although the prima facie case is irrelevant once the employer has offered a legitimate reason for its actions, the evidence of pretext may include the same evidence offered to establish the prima facie case.  See Combs, 106 F.3d at 1528.

---

[5] See Chapman, 229 F.3d at 1032 (A subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which the employer based its subjective opinion.).

[6] If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it.  Simply quarreling with that reason is not sufficient.  See Chapman, 229 F.3d at 1030.

Despite this shifting of the burden of production between the plaintiff and the defendant under the McDonnell Douglas and Burdine framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Burdine, 450 U.S. at 253. Given that the ultimate burden of persuasion always lies with the employee, a plaintiff may prevail on an employment discrimination claim and may also defeat a summary judgment either by proving that intentional discrimination did indeed motivate the defendant or by producing sufficient evidence to allow a rational trier of fact to disbelieve the employer's proffered legitimate reasons, thus permitting but not compelling the trier of fact to make a finding of illegal discrimination. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147-48 (2000) (pointing out that the production of the necessary sufficient evidence by plaintiff will not always prevent the employer from prevailing on a Rule 50 motion and suggesting that the strength of plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other properly considered evidence that supports the employer's case are among other factors to take into account in evaluating a Rule 50 motion);[7] St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502

---

[7] The court in Chapman modified the statement in Combs contrary to this holding in Reeves after noting that the standard for granting summary judgment mirrors the standard for judgment

(1993); Abel v. Dubberly, 210 F.3d 1334, 1339 (11th Cir. 2000); Alexander v. Fulton County, 207 F.3d 1303, 1336 (11th Cir. 2000); Combs, 106 F.3d at 1529-38 (interpreting Hicks and the post-Hicks case law); Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 920-21 (11th Cir. 1993).

Defendant argues that plaintiff has failed to present evidence sufficient to establish a prima facie case and as noted earlier the court concludes that no prima facie case has been established as to either of her claims. Defendant also argues that even if a prima facie case were present, a legitimate, non-discriminatory reason has been articulated for the challenged employment decision and plaintiff has failed to present evidence sufficient for a reasonable jury to conclude that defendant's articulated legitimate reason is merely a pretext for illegal discrimination. See Chapman, 229 F.3d at 1024-25. The court also agrees that plaintiff has failed to present evidence of pretext. For each of these reasons, separately, the court finds that no material issues of fact remain and that defendant Beverly Rehabilitation, Inc., n/k/a Aegis Therapies, Inc. is entitled to judgment as a matter of law as to all claims asserted by plaintiff. A separate order will be entered.

DONE this 8th day of May, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

as a matter of law. See Chapman, 229 F.3d at 1025, n.11.